# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM KEVIN SPADE, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 15-2803-JDT-tmp |
| VS. ) | |
| ) | |
| SHELBY COUNTY JAIL, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER SEVERING CASES AND
## DIRECTING PLAINTIFFS ROWLAND, RAINER AND MYERS
## TO COMPLY WITH PLRA OR PAY THE FULL $400 CIVIL FILING FEE

On December 16, 2015, Plaintiffs William Kevin Spade, booking number 15118961, Johnny Ray Rowland, booking number 15118156, Antwon Rainer, booking number 15111790, and Mario Myers, booking number 15132077, all of whom are incarcerated at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Although all four inmates signed the complaint, only Spade filed an *in forma pauperis* affidavit and a copy of his inmate trust account statement. (ECF Nos. 2 & 2-1.)[1]

It is not practicable for four inmates to litigate their claims in a single action. The Court hereby SEVERS the claims of Plaintiffs Rowland, Rainer and Myers. The Clerk is DIRECTED to open new civil actions for these three Plaintiffs and to docket a copy of the complaint and this

---

[1] An inmate trust account statement was also submitted on behalf of Myers (ECF No. 2-2), but he did not file an *in forma pauperis* affidavit.

order in each new case.[2] The instant case will proceed with William Kevin Spade as the sole Plaintiff.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[3] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

In this case, only Plaintiff Spade has complied with the PLRA. The remaining three Plaintiffs have not paid the civil filing fee and have not submitted both *in forma pauperis* affidavits and copies of their inmate trust account statements. Therefore, at the present time, Plaintiffs Rowland, Rainer and Myers are not eligible to take advantage of the installment payment procedures of § 1915(b). Each is, however, liable for the filing fee, which accrued at the moment the complaint was filed. Therefore, Plaintiffs Rowland and Rainer are each

---

[2] The Clerk shall also docket a copy of Plaintiff Myers's trust account statement (ECF No. 2-2) in the new case that is opened for him.

[3] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if any Plaintiff is ultimately granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or an *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months. Plaintiff Myers is also ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee or an *in forma pauperis* affidavit; however, he does not need to submit another copy of his trust account statement. The Clerk is directed to mail Plaintiffs Rowland, Rainer and Myers copies of the prisoner *in forma pauperis* affidavit form along with this order.

If any Plaintiff needs additional time to file the required documents, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605. If a Plaintiff timely submits the proper documentation, and the Court finds that he is indeed indigent, the Court will assess a $350 filing fee in accordance with the installment procedures of § 1915(b).

If any Plaintiff fails to comply with this order, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without using the installment-payment procedures, and dismiss the case without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

                                                s/ **James D. Todd**  
                                                JAMES D. TODD  
                                                UNITED STATES DISTRICT JUDGE